Heather PARMETER, Appellant,

v.

CASS COUNTY DEPARTMENT OF CHILD SERVICES, Appellee.

No. 09A05-0703-JV-158.

Court of Appeals of Indiana.

Dec. 28, 2007.

Florence Anne Briggs, Briggs Law Office, Flora, IN, Attorney for Appellant.

Michael E. Boonstra, Logansport, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Heather Parmeter ("Mother") appeals from the trial court's determination that her minor children, a son C.P. ("son") and a daughter C.P. ("daughter") (collectively "the children"), are children in need of services ("CHINS"). We address four issues for our review, namely:

1. Whether the trial court had jurisdiction over the CHINS cases.

2. Whether the trial court abused its discretion when it denied Mother's motion to dismiss the CHINS cases.

3. Whether the trial court abused its discretion when it denied Mother's motion to strike the report of the guardian ad litem ("GAL").

4. Whether the evidence is sufficient to support the CHINS determinations.

We affirm in part and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

While Mother was married to Shonn Parmeter ("Father"), she gave birth to twin children, son and daughter. Sometime after the children were born, Mother and Father separated, and, in 2006, dissolution proceedings were initiated. The parties' divorce was final in the fall of 2006.

On June 7, 2006, the Cass County Department of Child Services ("DCS") investigated a report that naked photographs had been taken of son. As a result of that investigation, on June 8, 2006, DCS filed petitions for authorization to file petitions alleging son and daughter to be CHINS. After receiving permission from the trial court, the DCS filed the CHINS petitions and requested the immediate detention of the children. At the detention hearing on June 8, the trial court denied Mother's motion to dismiss the petitions and heard evidence on the detention request. The trial court then ordered the children to be temporary wards of DCS for placement in a foster home and appointed Lisa Traylor–Wolff as GAL.

On June 30, 2006, Mother filed a motion for an expedited fact-finding hearing. On August 1, 2006, DCS filed a motion to continue the fact-finding hearing that had been set for August 2. Mother objected to the continuance. The trial court originally denied the motion but, after reviewing DCS's motion to reconsider, granted the continuance and reset the fact-finding hearing for September 12, 2006. Mother

then filed a motion to continue the September 12 hearing date, which the trial court granted, resetting the hearing for October 16 and 17, 2006. On August 10, Mother filed a motion to dismiss the CHINS petition, which the trial court denied.

On August 15, 2006, Mother again filed a motion to continue the fact-finding hearing, which the trial court denied. The fact-finding hearing commenced on October 16, 2006, but, on October 17, 2006, the trial court again continued the hearing on Mother's motion and because of "technical difficulties." Appellant's Supp.App. at 129. The trial court resumed the fact-finding hearing on November 17 and, at the conclusion of evidence, took the matter under advisement. On November 28, 2006, the trial court entered its order finding the children to be CHINS. After a review hearing on December 4, 2006, the trial court continued the children's placement with Father.[1]

On December 22, 2006, Mother filed her objection to length of time before dispositional hearing, which was set for February 26, 2007. On December 29, the GAL filed her report ("GAL report"). And on January 12, 2007, Mother filed her objection to the GAL report, alleging that the GAL had a conflict of interest because the GAL had become "the law partner of Kelly Leeman, attorney for [Father], on or about January 1, 2007."[2] Appellant's App. at 115. On January 17, 2007, the GAL filed her motion to withdraw appearance on the ground that her plan to move her practice into the offices of Father's attorney created the appearance of a conflict of interest. How-

---

1. The parties do not indicate, nor could we find in the Appendices, when the children were first placed with Father during the course of the CHINS proceedings.

2. The allegation was based on a local newspaper article, which reported that Father's attorney had been named as the Logansport city attorney and the GAL had been named as the deputy city attorney.

ever, the GAL also filed a response to Mother's objection to the GAL report, clarifying that the GAL had not become the law partner of Father's counsel. Instead, the GAL was assuming the law practice of another attorney, whose files were located in the office of Father's counsel. She further clarified that her plans to share office space with Father's counsel were not discussed or finalized prior to the filing of the GAL report.

On February 22, 2007, Mother filed her motion to reverse or set aside the CHINS finding. At the dispositional hearing on February 26, 2007, the trial court denied Mother's motion and then heard evidence on the disposition. At the conclusion of the hearing, the trial court took disposition under advisement. On March 7, 2007, Mother again filed a motion to dismiss the CHINS petition. On March 13, 2007, the trial court "execute[d the] Dispositional Decree dated March 8, 2007[.]" Appellant's App. at 13. Mother now appeals.[3]

## DISCUSSION AND DECISION

### Issue One:  Jurisdiction

Mother contends that the trial court was without jurisdiction over the CHINS cases.[4] Specifically, she alleges that the trial court lost jurisdiction because it did not hold the fact-finding and dispositional hearings within the statutory time limits for holding such hearings. She also argues that the trial court abused its discretion when it granted DCS's motions to continue the fact-finding hearing. We address each contention in turn.

### Statutory Hearing Time Limits

■ Mother maintains that the trial court was without jurisdiction over the CHINS cases because it did not hold the fact-finding or dispositional hearings within the statutorily prescribed time limits. Indiana Code Section 31–34–11–1 governs fact-finding hearings. That statute provides, in relevant part:

> (a) [T]he juvenile court *shall* complete a factfinding hearing not more than sixty (60) days after a petition alleging that a child is a child in need of services is filed in accordance with IC 31–34–9.
>
> (b) The juvenile court may extend the time to complete a factfinding hearing, as described in subsection (a), for an additional sixty (60) days if all parties in the action consent to the additional time.

Ind.Code § 31–34–11–1 (emphasis added). Indiana Code Section 31–34–19–1 governs dispositional hearings and provides, in relevant part:

> The juvenile court shall complete a dispositional hearing not more than thirty (30) days after the date the court finds that a child is a child in need of services. . . .

Both statutes use "shall" regarding the time limits set forth. Here, it is undisputed that the trial court did not meet either deadline. Thus, we must determine whether "shall" in these statutes is "directory" or "mandatory." *See In re Middle-*

***

3.  On April 11, 2007, the trial court entered its "Order Terminating Wardship." Appellant's App. at 126. But that order does not render the appeal moot. *See Roark v. Roark,* 551 N.E.2d 865, 868 (Ind.Ct.App.1990) (holding an appeal from a CHINS determination, after termination of the CHINS case, is not moot because of the "potentially devastating consequences of a CHINS determination").

4.  Mother also alleges, in passing, that the petitions alleging the children to be CHINS did not include the supporting factual bases for DCS's allegations. But Mother did not object to proceeding with the CHINS matters on that ground before the trial court granted DCS's motion to file the CHINS petitions. Thus, the issue is waived. *Cavens v. Zaberdac,* 849 N.E.2d 526, 532 (Ind.2006).

*fork Watershed Conservancy Dist.*, 508 N.E.2d 574, 578 (Ind.Ct.App.1987).

■ A statute containing the term "shall" generally connotes a mandatory as opposed to a discretionary import. *Id.* However, "shall" may be construed as directory instead of mandatory "to prevent the defeat of the legislative intent." *Id.* (citations omitted). Thus, the term "shall" is directory when the statute fails to specify adverse consequences, the provision does not go to the essence of the statutory purpose, and a mandatory construction would thwart the legislative purpose. *Id.* (citation omitted); *see also Hancock County Rural Elec. Membership Corp. v. City of Greenfield*, 494 N.E.2d 1294, 1295–97 (Ind.1986).

Here, Indiana Code Sections 31–34–11–1 and –19–1 use "shall" when setting the deadline for holding fact-finding and dispositional hearings respectively. Neither statute specifies any adverse consequences for the failure to comply with the time limit. Further, Indiana Code Section 31–34–11–1 provides for the extension of the time limit when all parties consent. Also, holding the hearings within the statutory time limits does not go to the purpose of the CHINS statutes, which were enacted in part to "assist[ ] parents to fulfill their parental obligations" and to "remove children from families only when it is the child's best interest. . . ." Ind.Code § 31–10–2–1(4), (6). And a mandatory construction would thwart those legislative purposes by requiring dismissal of CHINS cases where continuances of the fact-finding or dispositional hearings are needed for legitimate reasons, such as the unavailability of parties or witnesses or the congestion of the court calendar, merely because one party is being a stalwart.

For the reasons stated above, we conclude that "shall" as used in Indiana Code Sections 31–34–11–1 and –19–1 is directory and not mandatory. If we were to hold otherwise, CHINS cases would have to be dismissed where a continuance beyond the statutory time frame was necessary and legitimate, an absurd and unjust result. *See Pabey v. Pastrick*, 816 N.E.2d 1138, 1148 (Ind.2004) ("In interpreting a statute, courts must seek to give the statute a practical application, to construe it so as to prevent absurdity, hardship, or injustice, and to favor public convenience"). Thus, we conclude that the trial court did not lose jurisdiction over the CHINS cases when it did not hold the fact-finding hearing within sixty days of the filing of the CHINS petitions or hold the dispositional hearing within thirty days of the CHINS determinations. Therefore, we deny Mother's request that we reverse the CHINS determinations because the hearings were not held within the statutory time limits.

### Trial Rule 53.5

■ Mother also contends that the trial court abused its discretion when it granted DCS's motion to continue the fact-finding hearing because DCS did not comply with Trial Rule 53.5. Indiana Trial Rule 53.5 provides, in relevant part:

Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence. . . . A motion to postpone the trial on account of the absence of evidence can be made only upon affidavit . . .; and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time, and that his absence has not been procured by the act or connivance of the party, nor by others at his request, nor with his knowledge and consent, and what facts he believes to be true, and

that he is unable to prove such facts by any other witness whose testimony can be readily procured.

The decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court. *Riggin v. Rea Riggin & Sons, Inc.,* 738 N.E.2d 292, 311 (Ind.Ct.App.2000). We will not disturb a trial court's granting or refusing of a continuance absent a showing of clear and prejudicial abuse of discretion. *Hinds v. McNair,* 413 N.E.2d 586, 609 (Ind.Ct.App. 1980).[5]

Mother disputes the basis for DCS's motion to continue the fact-finding hearing, namely, the unavailability of witnesses.[6] But Mother has not shown or even asserted that she was prejudiced by the continuance.[7] And to the extent Mother argues that the time limit set forth in Indiana Code Section 31–34–11–1, setting the time limit for holding the fact-finding hearing, has priority over Trial Rule 53.5, Mother is incorrect. *See Augustine v. First Fed. Savs. & Loan Ass'n,* 270 Ind. 238, 384 N.E.2d 1018, 1020 (Ind.1979) (supreme court has authority to adopt rules of procedure governing the conduct of litigation, and the procedural rules and cases decided by that court take precedence over any conflicting statutes). Thus, Mother's argument that the trial court abused its discretion under Rule 53.5 by continuing the fact-finding hearing must fail.

**5.** When *Hinds* was decided, the rule regarding continuances was found at Indiana Trial Rule 53.4. That rule was renumbered to Rule 53.5 in 1982, effective January 1, 1983.

**6.** In her brief, Mother cites to pages in the record that do not support her contention. And her analysis, even when read in conjunction with the facts section of her brief, is incomplete. Thus, that contention is arguably waived. *See* Ind. Appellate R. 46(A)(8)(a). Waiver notwithstanding, we briefly address the merits of her claim.

## Issue Two: Motion to Dismiss

■ Mother contends that the trial court should have dismissed the CHINS petitions because she was "not permitted to complete her testimony" at the hearing on June 8, 2006.[8] But Mother cites to no authority in support of her argument that the trial court should have dismissed the CHINS petitions on that ground. As such, the issue is waived. *See* Ind. Appellate Rule 46(A)(8)(a).

■ Waiver notwithstanding, we briefly address the merits of Mother's claim. On June 8, 2006, the trial court held a detention hearing. At the start of the hearing, Mother moved to dismiss the proceedings. Without ruling directly on the motion, the trial court announced that it had granted DCS's petition to file the CHINS petitions, and Mother waived the "reading of rights." Transcript Vol. 1 at 7. The trial court then heard witnesses regarding DCS's request for placement of the children with someone other than Mother pending a fact-finding hearing. DCS presented testimony of witnesses in support of the detention request, and then Mother presented the testimony of her witnesses. During the direct examination of Mother, the trial court called a bench conference, and at the conclusion of the bench conference announced its decision to grant the detention request. Mother then filed a motion to dismiss the

**7.** Because Mother has not shown prejudice, we need not address her argument regarding the materiality of the witnesses or their actual unavailability.

**8.** Mother also argues that the children's CHINS cases should have been dismissed because the children did not meet the statutory definition of CHINS in Indiana Code Section 31–34–1–2. That argument goes to the merits of the CHINS determinations, which we address below in our analysis of the sufficiency of the evidence supporting the CHINS determinations.

CHINS proceedings on August 8, 2006,[9] which the trial court denied.

Mother contends that she should have been permitted to complete her testimony regarding the help she sought for her children. But the purpose of the June 8, 2006, hearing was to determine the children's placement; it was not the fact-finding hearing on the CHINS petitions. Mother's testimony regarding the help she obtained for her children was unnecessary to determine the children's placement when the reason for their detention was Mother's behavior toward the children and the fact that she had taken naked photographs of son. Thus, the trial court did not abuse its discretion when it denied Mother's motion to dismiss the CHINS petitions on the ground that she was not permitted to complete her testimony. *See W.C.B. v. State,* 855 N.E.2d 1057, 1059 (Ind.Ct.App.2006) (denial of a motion to dismiss is reviewed for an abuse of discretion), *trans. denied.*

### Issue Three: Sufficiency of Evidence

■ Mother contends that the evidence is insufficient to support the CHINS determinations. Mother requested that the trial court make findings of fact and conclusions, and the parties submitted proposed findings and conclusions. Therefore, we apply a two-tiered standard of review, *see In re V.C.,* 867 N.E.2d 167, 179 (Ind.Ct.App.2007), and we may not set aside the findings or judgment unless they are clearly erroneous, Ind. Trial R. 52(A); *Perrine v. Marion County Office of Child Servs.,* 866 N.E.2d 269, 273 (Ind.Ct.App. 2007).

■ In our review, we first consider whether the evidence supports the factual findings. *Id.* Second, we consider whether the findings support the judgment. *Id.*

"Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.; Quillen v. Quillen,* 671 N.E.2d 98, 102 (Ind.1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. *Perrine,* 866 N.E.2d at 273. We give due regard to the trial court's ability to assess the credibility of witnesses. T.R. 52(A). While we defer substantially to findings of fact, we do not do so to conclusions of law. *Perrine,* 866 N.E.2d at 274. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Id.*

Indiana Code Section 31–34–1–2 provides that a child under eighteen years old is a CHINS if:

(1) the child's physical or mental health is seriously endangered due to injury by the act or omission of the child's parent, guardian, or custodian; and

(2) the child needs care, treatment, or rehabilitation that:

(A) the child is not receiving; and

(B) is unlikely to be provided or accepted without the coercive intervention of the court.

DCS has the burden of proving by a preponderance of evidence that a child is a CHINS. *See* Ind.Code § 31–34–12–3.

We first consider whether the evidence supports the trial court's findings in the dispositional decree. In the decree, the trial court stated several reasons for its disposition:

The Care, treatment, or placement under this Decree provides the least restrictive (most family[-]like) and most appropriate setting available, which, under the circumstances, is in [Father's]

9. Mother's August 8, 2006, motion to dismiss was based on several grounds, including the interruption of her testimony at the detention

hearing, but in her brief on appeal she argues only that dismissal was proper because she was not permitted to complete her testimony.

home. This disposition is consistent with the best interest and special needs of the children, least interferes with family autonomy, is least disruptive of family life, imposes the least restraint on the freedom of the children and their parent(s), and provides a reasonable opportunity for participation by the children(s) parents.

The initial removal of the children was based upon actions by [Mother] which were harmful to the children's mental health and well-being. *As the Court indicated at the dispositional hearing, perhaps the most telling of all the evidence presented at the fact finding hearing was the Court's observation of [M]other's expert, Dr. Larry Davis, as he reacted (and appeared to the Court to be very upset) upon seeing [Mother's] Exhibit 1, being a video tape taken by [M]other based upon her belief (which was not substantiated) that one of the children had been harmed or abused and showing her repeated and hysterical questioning of the children (in a leading manner) and referencing their father as "bad daddy."*

Accordingly, for reunification to occur the behaviors of [Mother] that gave rise to the children's removal must be addressed. This may require further appropriate psychological testing/evaluation/counseling. To date, certain assessments/evaluations made of [Mother] either in anticipation of the divorce between [her] and [Father]; as a part of that proceeding; or related to this proceeding; and, the results or conclusions thereof; have not been made available to all service providers or the [DCS]. For an informed plan toward reunification to be developed and implemented, any mental health issues related to [M]other, if any, must be identified and addressed. To determine if further testing and/or treatment is necessary,

[M]other must release all of her mental health evaluations and records immediately. In fairness, however, for a complete assessment, [F]ather must ensure that any such information is similarly made available so that any and all services provided are compatible with the needs of both parents and children.

Further and as stated above, [Mother] must participate without resistance in services offered. Hopefully the Court's requirement that all future Team Building sessions be recorded with the videos retained pending further hearing will allay [M]other's concerns that things are not what they seem or are not memorialized accurately, allowing her to resume full participation. Progress has occurred ( [M]other even acknowledged improvement in her communication with [F]ather as regards co-parenting of the children, as a result of the services provided) but for the full benefits thereof to be realized, toward the goal of reunification, [M]other must participate more fully and willingly.

Appellant's App. at 16–17 (emphasis added). Mother does not deny the findings, the description of Dr. Davis's reaction to the video tape, or the description of Mother's behavior on the tape.

As this court has recently stated,

findings which indicate that the testimony or evidence was this or the other are *not* findings of fact. Instead, [a] finding of fact must indicate, not what someone said is true, but what is determined to be true, for that is the trier of fact's duty. [T]he trier of fact must adopt the testimony of the witness before the "finding" may be considered a finding of fact.

*Parks v. Del. County Dep't of Child Servs.,* 862 N.E.2d 1275, 1279 (Ind.Ct.App.2007) (emphasis in original) (internal citations

and quotation marks omitted). In the present case, the only fact-specific reasons stated in the decree merely report the trial court's impression of a witness' reaction to evidence and the fact that Mother had apparently resisted the services offered by DCS. The decree does not include any findings of fact to support the CHINS determination, and, therefore, the "findings" are deficient. As a result, we must remand to the trial court for proper findings that support the judgment.[10]

### Issue Four: Guardian Ad Litem Report

■ Mother next contends that the trial court should have struck the GAL report, which was filed December 29, 2006, by then-GAL Lisa Traylor–Wolff. But Mother cites no authority in support of her contention that the GAL report should have been struck. Thus, the argument is waived. *See* App. R. 46(A)(8)(a).

■ Waiver notwithstanding, we cannot agree with Mother. GAL Traylor–Wolff prepared and filed the report in December 2006. In that report, she recommended that the children should remain with Father, who was represented by Kelly Leeman. Mother argues that GAL Traylor–Wolff had a conflict of interest. In support, Mother points to a local newspaper article printed shortly after the filing of the GAL report. The article announced that Leeman had been named the Logansport city attorney and Traylor–Wolff had been named the deputy city attorney.

But, as evidenced in her response to Mother's written objection to the report, only in the last two weeks of December did Traylor–Wolff and Leeman's former law partner negotiate Traylor–Wolff's assumption of the files of the former law partner. Traylor–Wolff denied any conflict of interest. Nevertheless, she withdrew as GAL because of the appearance of a conflict created by the move of her practice into Leeman's offices, which was agreed upon only in late December. On such facts, we cannot say that the trial court abused its discretion when it refused to strike the GAL report. *See In re Adoption of Fitz (Rudd v. Pritt)*, 778 N.E.2d 432, 436 (Ind. Ct.App.2002) (reviewing a ruling on motion to strike for abuse of discretion).

### Conclusion

We hold that the trial court did not err when it held the fact-finding and dispositional hearings beyond the statutory deadlines, because "shall" as used in Indiana Code Sections 31–34–11–1 and –19–1 is directory and not mandatory. Additionally, Mother did not show that she was prejudiced by the continuance of the fact-finding hearing that was granted under Indiana Trial Rule 53.5. Trial rules take precedence over the statutory time limitations at issue here.

We also conclude that the trial court did not abuse its discretion when it denied Mother's motion to dismiss the CHINS petitions. Mother's motion was based on the trial court's interruption of her testimony during the detention hearing, but at that hearing the court determined only the need for the children's placement outside of Mother's home, not the merits of the allegations in the CHINS petitions. We further conclude that the trial court did not abuse its discretion when it denied Mother's motion to strike the GAL report because Mother did not show that the

---

**10.** Although we remand for the trial court to make proper findings, we note that the trial court's only conclusion, that "[t]he children are wards of the County Office [DCS,]" is likewise inadequate. Appellant's App. at 17.

When the court issues the revised dispositional decree on remand, the decree should specify which CHINS definition is being applied and which findings of fact support that conclusion. *See Perrine*, 866 N.E.2d at 275–77.

GAL had a conflict of interest when she wrote and filed the report.

However, we conclude that the trial court's findings do not support the judgment. In support of the CHINS determinations, the trial court listed only one fact-specific finding, namely, the court's observation of Mother's expert witness as he viewed a video tape of Mother "hysterically" questioning the children and referring to Father as a "bad daddy." That factual finding, without more, is insufficient to support the CHINS determinations. Thus, we remand for the trial court to make proper findings and conclusions in support of its judgment.

Affirmed in part and remanded with instructions.

MATHIAS, J., and BRADFORD, J., concur.