In the Matter of J.L., A Child Alleged to be A Child in Need of Services

A.C., Appellant–Respondent,

v.

Hamilton County Department of Child Services, Appellee–Petitioner.

No. 29A02–0812–JV–1175.

Court of Appeals of Indiana.

June 25, 2009.

Publication Ordered July 28, 2009.

Daniel E. Henke, Noblesville, IN, Attorney for Appellant.

Michael C. Price, Department of Child Services, Hamilton County Office, Noblesville, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Respondent, A.C. (Mother), appeals the trial court's Disposition Order determining that her minor daughter, J.L., was a Child In Need of Services (CHINS) pursuant to Indiana Code section 31–34–1–1.

We affirm.

### ISSUE

Mother raises one issue on appeal, which we restate as follows: Whether the Appellee–Petitioner, Hamilton County Department of Child Services (DCS), proved by a preponderance of the evidence that J.L. is a CHINS when Mother did not use illegal substances in J.L.'s immediate presence.

### FACTS AND PROCEDURAL HISTORY

On August 15, 2008, the DCS filed a petition alleging thirteen-month-old J.L., the minor child of seventeen-year-old,

A.C., to be a CHINS. The petition alleged, in pertinent part, that

> 5. The child is a child in need of services as defined in Ind.Code § 31–34–1–1, in that: The child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education or supervision, to-wit:
>
> a.) Amy Culp is the mother of [Mother] and [S.P.]. Mother is a 17–year old minor who has her own child, [J.L.], who is 13 months old. Amy, [Mother], [S.P.], and [J.L.] have all resided in the same home until approximately 7/31/08.
>
> On or about 8/6/08, Amy Culp acknowledged using illegal narcotics while her children and grandchild were in her care and custody. Amy stated that [Mother] has stolen marijuana from her in the past and that [Mother] used heroin.
>
> On or about 8/11/08, [Mother] acknowledged using illegal narcotics, including smoking marijuana with her mother in their bathroom, using marijuana with her mother since she was 15 years of age, and snorting heroin approximately three months ago, while her child is in her care and custody.
>
> 6. That while this matter is pending, the child remains in the home with Mother.

(Appellant's App. pp. 12–13).

On November 7, 2008, the trial court conducted a fact-finding hearing. At the hearing, Amy Culp (Culp) testified that she and Mother smoked marijuana in the bathroom of her home two or three times a week after S.P. and J.L. were in bed. Although J.L. has a heart murmur, evidence established that she is well taken care of, and is receiving adequate medical attention. The house is clean and orderly.

Heather Wilson (Wilson), J.L.'s case manager, stated that Mother had conceded to smoking marijuana with Culp. In fact, Mother had admitted to marijuana use since she was fifteen years old. Moreover, Mother also informed Wilson that she had used heroin three months before her assessment interview. She had also used marijuana and heroin on September 4, 2008, the day of her first drug screen.

At the close of the evidence, the trial court specifically found that

> The child, [J.L.], will be found to be a [CHINS]. The [c]ourt finds that the maternal grandmother, as well as the [M]other of the child, were carrying on a criminal enterprise within their home by smoking and consuming marijuana which could constitute a common nuisance. And also during the time that the children were in the home the only adults responsible for their care and safety were consuming marijuana and did so on a regular basis. That the [c]ourt finds that in and of itself is a refusal and neglect by the child's parent to supply the child with necessary supervision and the children are found to be in need of services.

(Transcript pp. 17–18).

Mother now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ Mother contends that the DCS did not present sufficient evidence to support the trial court's CHINS determination. Specifically, she asserts that "in order to justify a true finding that a child is a [CHINS] based upon drug use by the parent, the DCS must show that the child was actually present during the drug use." (Appellant's Brief p. 6).

■ Indiana Code Section 31–34–1–1 provides that a child under eighteen years old is a CHINS if:

(1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and

(2) the child needs care, treatment or rehabilitation that the child:

(A) is not receiving; and

(B) is unlikely to be provided or accepted without the coercive intervention of the court.

DCS has the burden of proving by a preponderance of the evidence that J.L. is a CHINS. *See* Ind.Code § 31–34–12–3. When reviewing the sufficiency of the evidence, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom. *Perrine v. Marion County Office of Child Services*, 866 N.E.2d 269, 273 (Ind.Ct.App. 2007). We will not reweigh the evidence or judge the credibility of witnesses. *Id.*

Mother's argument focuses on the fact that she never used illegal substances in J.L.'s presence. Although she concedes that she abused controlled substances while J.L. was in her care, she claims that J.L. was never personally present as the child was always asleep in her bed. As a result, Mother claims that J.L.'s physical or mental condition was never endangered. We find Mother's argument unpersuasive.

In *Perrine*, mother was arrested as part of a routine probation sweep which located paraphernalia commonly used for methamphetamine consumption in the bedroom of a houseguest. *Perrine*, 866 N.E.2d at 271. Mother admitted to using methamphetamine a few days prior to the probation sweep. *Id.* at 272. As a result of her arrest, DCS filed a petition alleging her fourteen-year-old daughter was a CHINS based on mother's failure to provide her child with a safe and stable home, free from drug use and neglect. *Id.* The trial court found the child to be a CHINS. *Id.* at 273. In reviewing the evidence, we noted that the evidence did not support a finding that mother used methamphetamine in front of her daughter. *Id.* at 276. We reversed the trial court's determination on appeal, finding that a "single admitted use of methamphetamine, outside the presence of the child and without more, is insufficient to support a CHINS determination." *Id.* at 277.

In its analysis, the *Perrine* court relied on *White v. State*, 547 N.E.2d 831 (Ind. 1989), where our supreme court considered whether drug use in front of a child constituted criminal neglect. In *White*, the court held that the evidence was sufficient to support a conviction for neglect of a defendant, as a Class D felony, where the parent repeatedly exposed his minor child and her friend to marijuana smoking and invited his child to try the drug. *White*, 547 N.E.2d at 833. The supreme court reasoned that

the knowing exposure of a dependent to an environment of illegal drug use poses an actual and appreciable danger to that dependent and thereby constitutes neglect regarding the endangerment requirements of the offense. We have stated previously that in the context of care of a dependent, "[n]eglect is the want of a reasonable care—that is, the omission of such steps as a reasonable parent would take, such as are usually

taken in the ordinary experience of mankind...." Certainly the fact that children will adopt their parents' behavior, even when, or perhaps especially when, their parents tell them not to, is an observation coming within the "ordinary experience of mankind."

*Id.* at 836 [1] (internal citations omitted).

Whereas the *Perrine* court focused on a single admitted use, here, Mother conceded to a lengthy history of drug abuse: Mother admitted to using marijuana since she was fifteen years old and to smoking marijuana two to three times a week prior to the instant CHINS petition. Even the filing of the CHINS petition was insufficient to deter Mother's drug use as she continued using up to the date of her drug screens. And unlike *Perrine*, there is clear evidence that J.L. was in the residence while Mother and Culp were using illegal substances in the bathroom. The fact that J.L. was asleep in another room does not alter the finding that the child was in Mother's care and custody. While under the influence of marijuana at the time J.L. was in the residence, Mother essentially abandoned J.L. without any responsible supervision. A parent's duties do not end merely because a child is asleep. As such, we agree with the DCS that it is unreasonable to simply assert that because the child is no longer awake Mother is released from any other measures to ensure her daughter's care and safety.

In the situation before us, we find that Mother knowingly exposed J.L. to an environment of illegal drug use, which resulted in endangering J.L.'s physical or mental condition as the thirteen-month-old child was left without any responsible adult care and supervision. *See* I.C. § 31–34–1–1. Therefore, we affirm the trial court's determination that J.L. is a CHINS.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly found J.L. to be a CHINS.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.

## ORDER

On June 25, 2009, this court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Request for Publication of Memorandum Decision.

Having considered the matter, the court FINDS AND ORDERS AS FOLLOWS:

1. The appellee's Request for Publication of Memorandum Decision is GRANTED and this court's opinion handed down in this cause on June 25, 2009, marked Memorandum Decisions, Not for Publication is now ORDERED PUBLISHED.

---

1. *White's*, holding was later extended in *Cleasant v. State*, 779 N.E.2d 1260, 1262 (Ind. Ct.App.2002), to exposure to dealing in an illegal drug.