## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Mark Small
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:
J.S. (minor child), a Child In Need of Services, and
T.S. (mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

August 26, 2015

Court of Appeals Case No.
49A02-1501-JC-43

Appeal from the Marion Superior Court, Juvenile Division;
The Honorable Marilyn Moores, Judge;
The Honorable Danielle Gaughan, Magistrate;
49D09-1407-JC-1544

**May, Judge.**

[1] T.S. (Mother) appeals the adjudication of her child, J.S. (Child), as a Child in Need of Services (CHINS). She argues the trial court abused its discretion when it admitted records regarding her visitation with Child and the Department of Child Services (DCS) did not present sufficient evidence Child was a CHINS. We affirm.

## Facts and Procedural History

[2] Mother gave birth to Child on April 16, 2012.[1] On July 16, 2014, DCS removed Child from Mother's care because Mother was soon to be homeless and could not care for Child. Mother told the DCS family case manager, Michelle Giaconda, she could "no longer take care of [Child], that she would like DCS to take [Child]." (Tr. at 9.) In addition, Giaconda observed Mother did not have proper furniture or supplies for Child, tested positive for marijuana, and denied prior DCS involvement despite a pending case in Allen County involving Mother's older child.

[3] On December 3, 2014, the court held a fact-finding hearing on the matter. During the hearing, DCS offered into evidence the attendance log from the Children's Bureau, the organization that provided a location for Mother to visit with Child. Mother objected on the ground the attendance log was not a

---

[1] Child's father was not a party to the CHINS proceeding and does not participate in this appeal.

business record, but the trial court admitted it. The trial court found Child was a CHINS and, after a dispositional hearing, ordered Mother to participate in services with the goal of reunification with Child.

# Discussion and Decision

## *Sufficiency of the Evidence*

[4] Mother asserts DCS did not present sufficient evidence Child was a CHINS. A CHINS proceeding is civil in nature, so DCS must prove by a preponderance of the evidence that a child is a CHINS as defined by the juvenile code. *In re N.E.*, 919 N.E.2d 102, 105 (Ind. 2010). The CHINS petition was filed pursuant to Ind. Code § 31-34-1-1, which states:

> Sec. 1. A child is a child in need of services if before the child becomes eighteen (18) years of age:
>
> (1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and
>
> (2) the child needs care, treatment, or rehabilitation that:
>
> > (A) the child is not receiving; and
> >
> > (B) is unlikely to be provided or accepted without the coercive intervention of the court.

A CHINS adjudication "focuses on the condition of the child," and not the culpability of the parent. *In re N.E.*, 919 N.E.2d at 105. The purpose of finding

a child to be a CHINS is to provide proper services for the benefit of the child, not to punish the parent. *Id.* at 106.

[5] When a juvenile court enters findings of fact and conclusions of law in a CHINS decision, we apply a two-tiered standard of review. *Parmeter v. Cass County DCS*, 878 N.E.2d 444, 450 (Ind. Ct. App. 2007), *reh'g denied*. We first consider whether the evidence supports the findings and then whether the findings support the judgment. *Id.* We may not set aside the findings or judgment unless they are clearly erroneous. *Id.* Findings are clearly erroneous when the record contains no facts to support them either directly or by inference, and a judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.* We give due regard to the juvenile court's ability to assess witness credibility and do not reweigh the evidence; we instead consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Id.* We defer substantially to findings of fact, but not to conclusions of law. *Id.*

[6] Mother argues the conditions that existed when Child was first removed from her home no longer exist, and thus the trial court erred when it adjudicated Child a CHINS. However, DCS presented evidence Mother had not submitted to a drug screen at any time during the pending CHINS case, had not participated in the services offered, and would not provide DCS with information regarding her living arrangements. Mother's argument is an invitation for us to reweigh the evidence, which we cannot do. *See id.* (appellate court cannot reweigh evidence).

### Admission of Attendance Log

[7]     Mother also argues the admission of attendance records from the Children's Bureau, where she participated in visits with Child, were inadmissible hearsay based on our Indiana Supreme Court's decision in *In re The Matter of the Termination of the Parent-Child Relationship of E.T. and B.T.*, 808 N.E.2d 639, 643-44 (Ind. 2004). In that case, our Indiana Supreme Court held the trial court abused its discretion when it admitted reports compiled by the facility that supervised visits between E.T. and B.T. because the reports contained third-party observations, conclusory lay opinions, and the records were compiled "for the sole benefit of [the Office of Family and Children]." *Id.* at 645.

[8]     During the fact finding hearing, DCS offered into evidence the attendance log from the Children's Bureau, where Mother visited Child. The attendance log was accompanied by an affidavit from the Records Custodian of the Children's Bureau certifying the record was kept in the "regular course of [their] activity" and was made "as a regular business record in order to document participation in supervised parenting time." (Petitioner's Ex. 10.) Unlike *In re E.T.*, the attendance logs did not include third-party observations; however, like *In re E.T.*, they were prepared for use by various organizations such as DCS.

[9]     The trial court admitted the attendance logs over Mother's objection. During the hearing, the attendance logs were referenced twice. First, during the testimony of DCS Case Manager Nichole Lee, who testified Mother did not "consistently participate in her visitation." (Tr. at 20-1.) The attendance logs were also mentioned during Mother's testimony:

[Defense]:     During the State's case, they presented an affidavit from Jonesboro [the Records Custodian], regarding visitation that you had with your child, there's indications in Exhibit 10, Petitioner's Exhibit 10, that you did miss some visits. Can you tell the Judge why those visits were missed?

[Mother]:     Due to they don't have, there [sic] calendar was full so they didn't have openings to fit me, fit my schedule, and so you know . . .

[Defense]:     You say schedule, are you talking about your work schedule?

[Mother]:     My work schedule yes. So it was basically like I had to call off work or something to fit it. And Nichole was aware of that from the first meeting, that the lady was going to try to find spots, but we had to take whatever they had open at that time.

(*Id.* at 37.)

[10]    If the trial court abused its discretion when it admitted the attendance logs, an error in the admission of evidence is harmless if it does not "affect the substantial rights of the parties." Indiana Trial Rule 61. "The improper admission of evidence is harmless error when the judgment is supported by substantial independent evidence to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the judgment." *In re E.T.*, 808 N.E.2d at 645-6. DCS presented sufficient evidence Child was a CHINS because Mother did not have stable housing, refused drug

screens, and did not participate in services offered by DCS. Thus any possible error in the admission of the attendance logs was harmless.

## *Conclusion*

DCS presented sufficient evidence Child was a CHINS and the admission of the attendance records from the Children's Bureau was harmless error. Accordingly, we affirm.

Affirmed.

Crone, J., and Bradford, J., concur.