## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2016, 7:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Cara Schaefer Wieneke
Brooklyn , Indiana

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

W.W. and A.V.,

*Appellants-Defendants,*

v.

Indiana Department of Child Services,

*Appellee-Plaintiff.*

April 28, 2016

Court of Appeals Case No.
52A02-1510-JC-1778

Appeal from the Miami Circuit Court

The Honorable Timothy P. Spahr, Judge

Trial Court Cause No.
52C01-1502-JC-5

**Altice, Judge.**

## Case Summary

[1] W.W. (Mother) and A.V. (Father) (collectively, Parents) appeal the trial court's determination that their daughter, S.V. (Child), is a Child in Need of Services (CHINS). Parents argue that the evidence was insufficient to support the CHINS adjudication.

[2] We affirm.

## Facts & Procedural History

[3] During the early morning hours of February 13, 2015, police executed a search warrant at Parents' home and discovered evidence of a recently active methamphetamine lab in the basement. Five people were present in the home, including Mother, Father, and Child. Upon entering the home, officers encountered thick smoke and chemical fumes so strong that the house had to be evacuated. As a result of their exposure to the fumes, Child and three of the responding officers had to be treated at a local hospital. Hair follicle testing indicated that Mother, Father, and Child had all ingested methamphetamine.

[4] As a result of these events, the Department of Child Services (DCS) removed Child from Parents' care and filed a CHINS petition. Following a fact-finding hearing, the trial court entered its order adjudicating Child a CHINS. The trial court entered its dispositional decree on October 6, 2015, and Parents now appeal.

## Discussion & Decision

[5] Where, as here, a juvenile court enters findings of fact and conclusions of law in support of its CHINS determination, we apply a two-tiered standard of review. *Parmeter v. Cass Cnty. Dep't of Child Servs.*, 878 N.E.2d 444, 450 (Ind. Ct. App. 2007). First, we consider whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* We will not set aside the findings or judgment unless they are clearly erroneous. *Id.* Findings are clearly erroneous when the record contains no facts to support them either directly or by inference, and a judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.* While we defer to the juvenile court's findings of fact, we do not do so as to its conclusions of law. *Id.* Additionally, we will not reweigh the evidence; rather, we consider the evidence favorable to the judgment and draw all reasonable inferences in favor of the judgment. *Id.*

[6] "Because a CHINS proceeding is a civil action, the State must prove by a preponderance of the evidence that a child is a CHINS as defined by the juvenile code." *In re N.E.*, 919 N.E.2d 102, 105 (Ind. 2010). In reviewing the sufficiency of the evidence supporting a CHINS determination, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom.[1] *In re J.L.*, 919 N.E.2d 561, 563 (Ind. Ct. App. 2009).

---

[1] Father briefly argues that our standard of review is *de novo*, apparently contending that the issue presented is one of personal jurisdiction. This argument is waived, both because Father did not raise it below and because he does not develop his argument or cite authority supporting it. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring each contention be supported by cogent reasoning and citations); *A.D.S. v. Ind. Dep't of Child Servs.*, 987 N.E.2d 1150, 1156 n.4 (Ind. Ct. App. 2013) (failure to support arguments with cogent reasoning results in waiver on appeal), *trans. denied*; *Vance v. State*, 949 N.E.2d 1269, 1271 (Ind. Ct. App. 2011) (noting that failure to make a timely objection results in waiver of arguments based on a lack of personal jurisdiction).

[7] To support a CHINS adjudication, DCS must prove three elements by a preponderance of the evidence: (1) that the child is under eighteen years of age, (2) one of eleven different statutory circumstances exist that would make the child a CHINS, and (3) that the child needs care, treatment, or rehabilitation that he or she is not receiving and is unlikely to be provided or accepted without the coercive intervention of the court. *In re K.D.*, 962 N.E.2d 1249, 1253 (Ind. 2012). Neither Mother nor Father challenge the trial court's findings with respect to the second and third elements. The sole issue presented on appeal is whether DCS established that Child was under eighteen years of age. Although Mother and Father have filed separate briefs, their arguments are essentially the same. They note that the trial court found that Child was twelve years old, but contend that no testimony or exhibits were presented at the fact-finding hearing to establish Child's age or date of birth.

[8] We note that the Chronological Case Summary (CCS) lists Child's date of birth as December 27, 2002. Additionally, the CASA filed a letter Child had written to the trial court. The attached cover sheet lists Child's date of birth as December 27, 2002, and in the letter, Child states that she is twelve years old.[2]

---

Waiver notwithstanding, there is no question that the trial court had both subject matter and personal jurisdiction over this case. *See K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006) (explaining that "[s]ubject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs" and personal jurisdiction requires that the parties be appropriately served).

[2] In her reply brief (in which she has cited no authority whatsoever), Mother argues that it was improper for the trial court to consider these documents because they "were never offered as exhibits or otherwise entered into evidence." *Mother's Reply Brief* at 5. In response to the State's contention that the trial court presumably took judicial notice of its own files, *see* Ind. Evidence Rule 201 (providing, in relevant part, that a court may *sua sponte* take judicial notice of the records of a court of this state), Mother makes the conclusory assertion

Moreover, multiple witnesses at the fact-finding hearing referred to Child as a "child" or "juvenile." Even Mother and Father referred to Child as "child" and "minor child[]" in various motions. *Mother's Appendix* at 38, 59, 60. Finally, because Child was present in the courtroom, the trial court was able to conclude based on its own observations that Child was under eighteen years old. Based on the foregoing, we conclude that the trial court's finding that Child was under eighteen years of age was supported by the evidence.

[9] Judgment affirmed.

[10] Bailey, J. and Bradford, J., concur.

---

that "it did not." *Mother's Reply Brief* at 5. Mother's argument in this regard is undeveloped and unpersuasive. We note further that Mother did not raise any objection below to the CASA's filing or the trial court's consideration thereof.