## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 07 2016, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Daniel Dixon
Debra S. Andry
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Recker
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of: J.B., A Child in Need of Services:

S.M. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

September 7, 2016

Court of Appeals Case No. 47A01-1604-JC-765

Appeal from the Lawrence Circuit Court

The Honorable Andrea K. McCord, Judge
The Honorable John M. Plummer, III, Referee

Trial Court Cause No. 47C01-1507-JC-289

**Bradford, Judge.**

# Case Summary

[1] On March 9, 2016, J.B. ("Child") was determined to be a Child in Need of Services ("CHINS") after Appellee-Petitioner, the Department of Child Services ("DCS"), received reports that the Child was the victim of abuse and neglect. Appellant-Respondent, S.M. ("Mother"), appeals from this determination, arguing that the juvenile court erred in denying her motion to dismiss the CHINS proceedings. Specifically, Mother claims that the CHINS proceedings should have been dismissed, without prejudice, because the juvenile court failed to conduct a fact-finding hearing within the statutorily allotted time frame. Concluding that the juvenile court did not err in denying Mother's motion to dismiss, we affirm the judgment of the juvenile court.

# Facts and Procedural History

[2] DCS became involved with Mother, J.M. ("Step-Father"), and the Child after receiving a report that Mother and Step-Father neglected and physically abused the Child. The Child was born on February 28, 2006. The Child's biological father reportedly died in March of 2015.

[3] On July 29, 2015, DCS filed a petition alleging that the Child was a CHINS. DCS attached a number of photographs to its petition which documented bruising suffered by the Child as a result of the alleged abuse. Also on July 29, 2015, the trial court conducted an initial hearing after which it formally

removed the Child from Mother's care and placed the Child with her maternal grandmother.

[4] After a number of continuances, the parties agreed that the fact-finding hearing would be held on December 18, 2015. One day before the scheduled fact-finding hearing, on December 17, 2015, Mother filed a motion to dismiss the CHINS proceedings, without prejudice. On December 18, 2015, Step-Father moved for a continuance of the fact-finding hearing. In making these motions, both Mother and Step-Father alleged that DCS had failed to respond to certain discovery requests. The trial court conducted a hearing on Mother's and Step-Father's motions, after which it denied Mother's motion to dismiss and granted Step-Father's request for a continuance. The trial court also set a deadline by which DCS was to comply with all remaining discovery requests and scheduled the matter for a fact-finding hearing on January 8, 2016.

[5] The trial court conducted the fact-finding hearing on January 8, 2016, after which it adjudicated the Child to be a CHINS. The trial court subsequently held a dispositional hearing after which it ordered Mother and Step-Father to participate in certain services. This appeal follows.

# Discussion and Decision

[6] On appeal, Mother argues that the juvenile court erred in denying her motion to dismiss the underlying CHINS proceedings. Specifically, Mother claims that the CHINS proceedings should have been dismissed, without prejudice,

because the juvenile court failed to conduct a fact-finding hearing within the time allotted in Indiana Code section 31-34-11-1. For its part, DCS argues that the juvenile court did not err in denying Mother's motion to dismiss.

[7] Indiana Code section 31-34-11-1 provides in relevant part:

> (a) Except as provided in subsection (b), unless the allegations of a petition have been admitted, the juvenile court shall complete a fact[-]finding hearing not more than sixty (60) days after a petition alleging that a child is a child in need of services is filed in accordance with [Indiana Code Chapter] 31-34-9.
>
> (b) The juvenile court may extend the time to complete a fact[-]finding hearing, as described in subsection (a), for an additional sixty (60) days if all parties in the action consent to the additional time.
>
> ****
>
> (d) If the fact[-]finding hearing is not held within the time set forth in subsection (a) or (b), upon a motion with the court, the court *shall* dismiss the case without prejudice.

(Emphasis added).

[8] In *Parmeter v. Cass County Department of Child Services*, 878 N.E.2d 444, 448 (Ind. Ct. App. 2007), we acknowledged that the use of the term "'shall' generally connotes a mandatory as opposed to a discretionary import." However, we observed that the term "'shall' may be construed as directory instead of mandatory to prevent the defeat of the legislative intent." *Id*. (internal quotation omitted). "Thus, the term 'shall' is directory when the statute fails to specify adverse consequences, the provision does not go to the essence of the statutory purpose, and a mandatory construction would thwart the legislative

purpose." *Id*. In considering whether the term "shall" connoted a mandatory or directory import, we noted that Indiana Code section 31-34-11-1 used the term "shall" when setting a deadline for holding a fact-finding hearing, did not specify any adverse consequence for failing to comply with the time limit, and expressly provides for the extension of the time limit when all parties consent. *Id*. We also noted that "holding the hearings within the statutory time limits does not go to the purpose of the CHINS statutes, which were enacted in part to 'assist[ ] parents to fulfill their parental obligations' and to 'remove children from families only when it is the child's best interest....'" *Id*. (quoting Ind. Code § 31-10-2-1(4), (6)). We further noted that "a mandatory construction would thwart those legislative purposes by requiring dismissal of CHINS cases where continuances of the fact-finding or dispositional hearings are needed for legitimate reasons[.]" *Id*. For these reasons, we concluded that the term "shall," as used in Indiana Code Section Indiana Code section 31-34-11-1, is directory and not mandatory. *Id*. In reaching this conclusion we stated that "[i]f we were to hold otherwise, CHINS cases would have to be dismissed where a continuance beyond the statutory time frame was necessary and legitimate, an absurd and unjust result." *Id*. One possible absurd and unjust result could foreseeably include putting children at considerable risk if the allegations alleged in the CHINS petition, such as the ones in this case, are serious and meritorious.

[9] In the instant matter, the parties, including Mother, agreed that the fact-finding hearing would be conducted on December 18, 2015, or 142 days after DCS filed

the underlying CHINS petition. On December 17, 2015, one day before the scheduled fact-finding hearing, Mother filed a motion to dismiss the CHINS action without prejudice. In this motion, Mother claimed that (1) DCS had failed to respond to certain discovery requests; (2) as a result of DCS's failure, her counsel could not adequately prepare for the fact-finding hearing; and (3) any further continuance of the fact-finding would bring the matter outside the time limits set forth in Indiana Code section 31-34-11-1. Mother's motion acknowledged that the agreed upon date of the scheduled fact-finding hearing was 142 days after the date that the underlying CHINS petition was filed. It did not, however, explain why a further delay outside of the timeframe set forth in Indiana Code section 31-34-11-1 would warrant dismissal of the CHINS proceedings when the agreed upon date of December 18, 2015, did not.

[10] In considering Mother's motion, the trial court indicated that it seemed that in seeking dismissal of the underlying CHINS proceedings, Mother was trying to "un-waive a waiver." Tr. p. 41. The trial court went on to explain that it believed that Mother "waived [the] remedy of dismissal" by agreeing to a date for the fact-finding hearing that was not within the time frame set forth in Indiana Code section 31-34-11-1 and that she was "now … asking to go back and say, Okay, [I'm] not waiving that now." Tr. p. 41. In finding that Mother could not "un-waive" her waiver, the trial court stated "[b]ut once it's waived, it's waived." Tr. p. 41. The trial court also noted that any issues with discovery should have been addressed pursuant to Indiana Trial Rule 37, and, given the serious nature of the allegations of abuse, found that continued removal from

Mother's care pending resolution of the CHINS proceedings was in the Child's best interest. The trial court denied Mother's motion to dismiss, set a deadline by which DCS was required to comply with any remaining discovery requests, and scheduled the fact-finding hearing for January 8, 2016, an additional delay of only three weeks.

[11] On appeal, Mother argues that she suffered harm and her parental rights were put at risk as a result of the trial court's denial of her motion to dismiss. Specifically, Mother claims that "the trial court failed to properly balance the interests of the State with [her] interests." Appellant's Br. p. 13. Mother asserts that the trial court's focus on the potential harm to the Child if the CHINS proceedings were dismissed was misplaced because DCS could have immediately re-filed the CHINS petition and requested immediate detention of the Child. Mother also asserts that the additional delay in conducting the fact-finding hearing put her at risk of having a reduced amount of time to complete any ordered services before DCS could seek the termination of her parental rights.

[12] Upon review, we conclude that Mother has failed to demonstrate both that the trial court erred in considering the Child's best interests when ruling on Mother's motion and that she was prejudiced by the additional three-week delay in the CHINS proceedings. In fact, we note that if the trial court had granted Mother's motion to dismiss, given the serious nature of the abuse allegations, DCS would undoubtedly have immediately refiled the CHINS proceedings, leading to an even longer delay in services being offered to the

parties. As such, any future reunification of the Child with her Mother would have likewise been delayed as such reunification would not have occurred prior to Mother completing certain services. In addition, Mother has pointed to nothing in the record that would suggest that DCS would not take the additional three-week delay into consideration before potentially filing any subsequent motions that might affect Mother's parental rights.

[13]  Mother herself agreed to waive the time limits set forth in Indiana Code section 31-34-11-1 when she agreed to the December 18, 2015 fact-finding hearing date. The additional three-week delay before the hearing was ultimately conducted seems rather inconsequential when compared to the likely much longer delay which would have occurred before a fact-finding hearing could be conducted if the matter was dismissed and then re-filed. As such, we conclude that requiring the trial court to have granted Mother's motion to dismiss would have led to an absurd and unjust result. The trial court, therefore, did not err in denying Mother's motion to dismiss.

[14]  The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.