Ronald K. NORLUND, O.D., Dawn Denise Norlund, O.D., and Indiana Cataract and Laser, P.C., Appellants,

v.

Joseph F. FAUST, M.D., individually and d/b/a Faust Eye Center and Faust Eye Center, P.C., Appellees.

No. 27A02–9512–CV–753.

Court of Appeals of Indiana.

April 9, 1997.

Michael A. Wukmer, John J. Morse, Ice Miller Donadio & Ryan, Indianapolis, Michael J. Kiley and Joseph H. Certain, Kiley Kiley Harker Rogers Michael & Certain, Marion, for Appellants.

Richard A. Huser, Jeffrey R. Gaither, and Sandra Boyd Williams, Locke Reynolds Boyd & Weisell, Indianapolis, for Appellees.

## OPINION ON REHEARING

SULLIVAN, Judge.

Appellants Indiana Cataract and Laser Center (ICL) and Ronald Norlund (Norlund) have filed their petition for rehearing of this court's opinion in *Norlund v. Faust* (1997) Ind.App., 675 N.E.2d 1142. Although we deny appellant's petition, we issue this opinion in order to clarify certain aspects of the earlier opinion.

Among the myriad issues raised by appellants in their petition are arguments relating to our interpretation of a letter mailed from Norlund to optometrists in northeastern and north central Indiana. *Id.* at 1147. Appellants argue that the letter was not placed into evidence, was mailed before he was terminated and that the "Trial Court's own opinion proves that this letter could *not possibly* have been a violation of Faust's post-termination covenant not to compete." Appellant's Brief at 6.

■ It is first noted that Appellants did not raise the issue of whether the letter was placed into evidence either at the trial court or upon appeal; therefore, the issue is waived.

■ Although Norlund's testimony is that the letter was prepared in the days preceding his termination and mailed on the same day—but prior to his termination, the trial court simply concluded that the letter was mailed on the same day he was terminated. The trial court also concluded that the letter was in violation of the covenant not to compete. While Norlund may point out that the letter discusses ocular care services or techniques which are clearly not in violation of the covenant, this court recognized that the letter also asks optometrists how they will manage their patients in regard to this ocular care device. The trial court could justifiably conclude that this letter violated the covenant which prohibited contact with the 122 optometrists with regard to patients.

Appellants also point out that this court incorrectly determined that Dawn Norlund was the sole shareholder of ICL. While Dawn Norlund was the sole shareholder of ICL when it was formed in August 1994, Dr. Jay McGarvey (McGarvey) subsequently owned one-third of the shares of ICL. This minor misstatement on our part has no influence upon our decision. Appellants make much of the fact that McGarvey is unjustly restrained by the injunction; however, we note that the injunction applies to Dawn Norlund, Ron Norlund and ICL only.

Appellants raise several more issues and claim that this court "cannot be serious when it conclude[d] that [our] decision will not interfere with medical and optometric services." Appellant's Brief at 17. However, as to those other issues, we see no need to restate the contents of our earlier opinion.

Appellants' petition for rehearing is hereby denied.

KIRSCH, J., concurs.

FRIEDLANDER, J., would grant rehearing and therefore dissents.