# FOR PUBLICATION

ATTORNEY FOR APPELLANT
A.M.:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

**MATTHEW K. HAGENBUSH**
DCS, Dearborn County Office
Lawrenceburg, Indiana

FILED

Feb 14 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE INVOLUNTARY )
TERMINATION OF THE PARENT-CHILD )
RELATIONSHIPS OF C.M., G.M., AND R.M., )
Children, and the Parents, )
)
A.M. (Mother) and C.M. (Father), )
    Appellants-Respondents, )
)
          vs. )   No. 15A01-1104-JT-204
)
INDIANA DEPARTMENT OF CHILD )
SERVICES, DEARBORN COUNTY OFFICE, )
    Appellee-Petitioner. )

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Kimberly A. Schmaltz, Magistrate
Cause Nos. 15C01-1102-JT-006, 15C01-1102-JT-007, 15C01-1102-JT-008

**February 14, 2012**

**OPINION ON REHEARING - FOR PUBLICATION**

**BAILEY, Judge**

The DCS asserts that we have imposed an undue burden upon it by recognizing the DCS has to make a prima facie showing regarding current conditions before the parent is obliged to come forward with any evidence. According to the DCS, the parent who has been separated from his or her child bears the burden of going forward with evidence of changed conditions. The DCS also urges a "hierarchy" of evidence for consideration by the court, with evidence of historical conduct to be paramount over evidence of current or changed conditions.

We resolve these concerns with resort to the statutory guidance given to us by our Legislature. The DCS must prove each of the elements alleged in its petition; the "burden of proof in termination of parental rights cases is one of 'clear and convincing evidence.'" In re G.Y., 904 N.E.2d 1257, 1260 (Ind. 2009) (citing Ind. Code § 31-37-14-2).

Pursuant to Indiana Code Section 31-35-2-4(b)(2)(B), if the child has not been adjudicated a CHINS on two separate occasions, the DCS must show either "a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied" or "a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child." (Emphasis added.) The DCS must also establish that termination is in the best interests of the child. Ind. Code § 31-35-2-4(b)(2)(C).

Our legislature has employed present-tense language. It is not sufficient to show that a parent had shortcomings in the past. Rather, it is incumbent upon the DCS to put forth evidence of lack of remedial measures or evidence of that which poses a threat to

2

the child.  There may well be no evidence of "changed" conditions, but there must be evidence of "current" conditions.  The Legislature has chosen to require proof of present conditions; we are not at liberty to alter the statutory language.  Likewise, we may not assign a hierarchy to evidence where the Legislature has not done so.

The DCS urges us to look to the record and discover evidence that the trial court did not explicitly address in its findings, conclusions, and order.  As we observed in our original opinion, although a trial court is not statutorily required to make particular findings in termination cases, "once the trial court walks down the path of making findings, it is bound under Indiana Trial Rule 52(A) to make findings that support the judgment."  Parks v. Delaware County Dep't of Child Servs., 862 N.E.2d 1275, 1281 (Ind. Ct. App. 2007).  We do not act as a fact-finder and are not at liberty to supplement those Trial Rule 52(A) findings.

We have also held that, even while recognizing that statutory findings are not required, "'the rights involved are of constitutional magnitude,'" and "'a judgment terminating the relationship between a parent and child is impossible to review on appeal if it is nothing more than a mere recitation of the conclusions the governing statute requires the trial court to reach.'"  In re M.W., 943 N.E.2d 848, 854 (Ind. Ct. App. 2011) (quoting In re A.K., 924 N.E.2d 212, 220 (Ind. Ct. App. 2010), trans. dismissed), trans. denied.[1]  Pursuant to Indiana Code Section 31-35-2-8(a), if the trial court finds that the allegations in a petition described in Section 4 are true, the parent-child relationship shall

---

[1] In M.W., we held that the trial court's findings were not supported by clear and convincing evidence, given Father's efforts to comply with the Amended [parental participation] Plan and his imminent release from incarceration.  943 N.E.2d at 856.

be terminated. A determination in accordance with the statute is essentially a conclusion of law. In order for the court to properly reach a conclusion of law, it must have made some factual findings to support the conclusion. We reiterate: those factual findings must rest upon clear and convincing evidence.

Accordingly, we affirm our original opinion.

BAKER, J., and DARDEN, J., concur.