

**FILED**

Oct 06 2016, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura M. Longstreet
Longstreet Law, LLC
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Recker
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Involuntary Termination of the Parent-Child Relationship of N.G. (Minor Child), <br><br> and <br><br> N.R.G. (Mother), <br> *Appellant-Respondent,* <br><br> v. <br><br> The Indiana Department of Child Services, <br> *Appellee-Petitioner* | October 6, 2016 <br><br> Court of Appeals Case No. 71A04-1602-JT-346 <br><br> Appeal from the St. Joseph Probate Court <br><br> The Honorable James N. Fox, Judge <br><br> Trial Court Cause No. 71J01-1407-JT-111 |

**Crone, Judge.**

# Case Summary

[1] N.R.G ("Mother") appeals the termination of her parental relationship with her daughter, N.G. She raises three issues, one of which we find dispositive: whether the trial court's findings of fact are sufficient to satisfy the statutory mandate found in Indiana Code Section 31-35-2-8(c). Concluding that the trial court's findings of fact are deficient, we remand for proper findings that support the judgment terminating Mother's parental rights.

# Facts and Procedural History

[2] In January 2013, four-year-old N.G. and her sixteen-year-old brother D.W. were removed from the home of Mother and D.G.W. ("Father") on a report of physical abuse, stemming from an incident in which Father allegedly punched D.W. in the face. Shortly thereafter, the St. Joseph County Department of Child Services ("DCS") filed a petition to have N.G. designated a Child in Need of Services ("CHINS").[1] The trial court entered an order designating N.G. a CHINS and ordering services for both Mother and N.G., with a goal of reunification.

[3] In July 2014, DCS filed a petition for termination of Mother's parental relationship with N.G. At the time of the petition, N.G. was residing in relative

---

[1] Older brother D.W. was also designated a CHINS, but he is not a subject of the present termination order. We limit our discussion accordingly.

placement with her aunt ("Aunt"). At some point before the September 2015 final hearing, Aunt indicated that she could no longer keep N.G., and N.G. was placed in a pre-adoptive foster home.

[4] In January 2016, the trial court issued an order terminating the parental relationship between Mother and N.G.[2] The findings of fact and conclusions of law are as follows:

> [N.G.] is the biological child of [Mother];
>
> [Father] is the biological father of [N.G.];
>
> The parental rights of [Father] were previously terminated by this Court;
>
> That the Court found [N.G.] was a removed from the care of her parents on January 17, 2013;
>
> On February 6, 2013 the Court entered a dispositional decree;
>
> In October of 2013 [N.G.] made new disclosures of sexual abuse at the hands of a brother;
>
> In October [M]other stopped complying with the dispositional decree;
>
> Mother stopped attending her individual therapy at that time, and was no longer keeping in contact with FCM Martin. In June of 2015 the Court ordered that [M]other's visits be changed to supervised therapeutic visits, as this was in the best

---

[2] Father's parental rights were previously terminated, and he is not participating in this appeal.

interest of the child;

On July 20, 2014, DCS filed Mandatory Involuntary Termination Petitions as [N.G.] had been out of the home for a period of fifteen out of the most recent twenty-two months;

The child has made progress in therapy with the help of the foster parents;

The Court finds that while [M]other has made some progress in her own therapy, that [M]other's trauma has posed significant barrier to the ability to reunify [M]other and [the] child;

The Court finds that continuation of the parent child relationship would pose a threat to the child;

The Court finds that it is in the best interest of the child that the parent child relationship be terminated;

The Court notes that [sic] finds that adoption is a satisfactory plan for the child.

The Court now finds that the Department of Child Services has met the burden by presenting clear and convincing evidence that the parent child relationship be terminated, and all rights powers, privileges, immunities, duties and obligations, including the right to consent to adoption, pertaining to that relationship are hereby permanently terminated.

Appellant's App. at 14-15.

[5] Mother now appeals.

# Discussion and Decision

[6] Mother maintains that the trial court's findings of fact are deficient as entered. In recognition of the seriousness with which we address parental termination cases, Indiana has adopted a clear and convincing evidence standard of proof and a clearly erroneous standard of review. *See In re K.T.K.*, 989 N.E.2d 1225, 1230 (Ind. 2013) (requiring State to demonstrate by clear and convincing evidence that child's emotional and physical development are threatened by parent's continued custody); *see also*, *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005) (emphasizing that reviewing court may set aside trial court's judgment only if it is clearly erroneous). Our review for clear error requires that we determine first whether the evidence supports the trial court's findings and then whether the findings support the judgment. *In re E.M.*, 4 N.E.3d 636, 642 (Ind. 2014). This means that the trial court's findings of fact and conclusions of law are crucial to our review. *Parks v. Delaware Cnty. Dep't of Child Servs.*, 862 N.E.2d 1275, 1280-81 (Ind. Ct. App. 2007). However, where the findings of fact and conclusions of law are sparse or improperly stated and do not adequately address each of the requirements of the termination statute,[3] we cannot conduct an adequate review. *Id.* at 1281.

---

[3] To obtain a termination of the parent-child relationship between Mother and N.G., DCS was required to establish in pertinent part:

> (A) that one (1) of the following is true:

> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.

[7] In *Parks*, another panel of this Court held that where most of the trial court's findings were merely recitations of testimony rather than the adoption of that testimony as fact, they were not proper findings. *Id*. at 1279, 1281. As such, the *Parks* court emphasized that an appellate court is "not at liberty to scour the record to find evidence to support the judgment" and remanded for proper findings of fact and conclusions of law. *Id*. at 1280-81. When *Parks* was decided, the trial court was not required to enter findings of fact and conclusions of law in termination cases unless specifically requested by the parties. *Id*. However, in 2012, the legislature amended Indiana Code Section 31-35-2-8 to read: "(c) The court *shall* enter findings of fact that support the entry of the conclusions" terminating a parent-child relationship. (Emphasis added.)

[8] Here, the trial court's unnumbered findings and conclusions comprise little more than one page. Appellant's App. at 14-15. With respect to the

---

....

 (B) that one (1) of the following is true:

(i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2).

requirements for termination outlined in Indiana Code Section 31-35-2-4(b)(2), the trial court made an ultimate finding that termination is in N.G.'s best interests without any supporting facts, except to say that it was in N.G.'s best interests that "Mother's visits be changed to supervised therapeutic visits." *Id.* at 15. Similarly, the trial court made an ultimate finding concerning DCS's satisfactory plan of adoption (presumably by the foster parents), with only a brief mention that N.G. "has made progress in therapy with the help of the foster parents." *Id.* Because N.G. had initially been placed in relative care with Aunt, it would facilitate appellate review to indicate how long she had been with the foster parents, especially given the implications for her stability and best interests.

[9] The most fact-specific findings relate to Mother's prospects for remedying the conditions that led to N.G.'s removal.[4] Yet, there is no ultimate finding on the reasonable probability of unremedied conditions. Instead, the trial court made an ultimate finding that the "continuation of the parent child relationship would pose a threat to the child." *Id.* While the termination statute does not require the trial court to find *both* a reasonable probability of unremedied conditions and a threat to well-being, we note that the only finding supporting the threat to N.G.'s well-being is not a finding at all because it merely recites that N.G. "made new disclosures of sexual abuse at the hands of a brother." *Id.*

---

[4] These include references to Mother's failure to comply with the dispositional decree or to complete therapy and a finding that Mother's unspecified "trauma has posed [a] significant barrier to the ability to reunify" with N.G. *Id.*

at 14. *See Parks*, 862 N.E.2d at 1279 (emphasizing that mere recitations of testimony are not proper findings absent trial court's adoption of testimony as fact). The termination order gives no indication that the trial court ever adopted or substantiated N.G.'s statements regarding the alleged sexual abuse.

[10] Simply put, the trial court's findings are so sparse that we cannot discern whether it based its termination order on proper statutory considerations. As we are not at liberty to scour the record to find evidence to support the judgment, we remand with instructions for the trial court to enter proper findings of fact and conclusions of law to support the termination of Mother's parental rights.

[11] Remanded.

Kirsch, J., and May, J., concur.