## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2017, 5:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEY FOR APPELLEE

Larry O. Wilder
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Adoption of:
E.L.I. *(Minor Child)*,

N.I. and R.I.

*Appellants-Petitioners,*

v.

P.R.H. *(Natural Mother)* and
R.L.I. *(Natural Father)*,

*Appellees-Respondents.*

October 17, 2017

Court of Appeals Case No.
10A01-1702-AD-262

Appeal from the Clark Circuit
Court

The Honorable Andrew Adams,
Judge

Trial Court Cause No.
10C01-1603-AD-12

**Robb, Judge.**

# Case Summary and Issue

[1] N.I. and R.I. ("Grandparents") appeal the trial court's order denying their petition for adoption of E.L.I., the daughter of their son, R.L.I. Grandparents raise one issue for our review, which we restate as: whether the trial court erred in denying their petition for adoption by failing to make the required findings to support that result. Concluding the trial court's findings of fact are insufficient, we remand for findings that address the proper statutory considerations.

# Facts and Procedural History

[2] E.L.I. was born on November 22, 2002, to P.R.H. ("Mother") and R.L.I. ("Father"). In November 2004, Father filed a petition to establish paternity of E.L.I. The parties stipulated that Father was the natural father of E.L.I. and the paternity court preliminarily ordered that Mother and Father share joint legal custody with Mother maintaining primary physical custody and Father having extended parenting time. The paternity court also appointed a special advocate to provide a recommendation for custody and parenting time. In her report filed with the court, the special advocate explained that "[m]ost troubling is [Mother's] involvement with drug dealers and drug users, which would include her live-in boyfriend." Appellant's Appendix, Volume III at 50. The special advocate concluded that although "[n]either parent is a great candidate for [E.L.I.'s] care[,]" Father should be awarded primary physical custody because he lived with his parents and thus had "a bit more stability." *Id.* The trial court also appointed a guardian ad litem who recommended that the

parties have joint legal custody, with Mother to retain primary physical custody and Father to have parenting time according to the Guidelines.

[3] On July 14, 2005, Grandparents appeared in the action and filed a petition for custody of E.L.I. Grandparents alleged they had been the de facto custodians of E.L.I. since her birth and that neither Father nor Mother were fit to care for E.L.I. Mother filed a motion to dismiss Grandparents' petition, and the guardian ad litem recommended to the court that Mother retain primary physical custody because E.L.I had not been physically harmed while in Mother's custody. Grandparents and Mother reached an agreement on November 1, 2005, wherein Mother and Grandparents would "share joint custody" of E.L.I. *Id.* at 129. The agreement acknowledged that Father was incarcerated and incapable of exercising visitation with the child. *Id.* The Court approved the agreement and ordered Father to have no contact with E.L.I. *Id.*

[4] On July 11, 2011, Mother and Grandmother were involved in an altercation at Mother's home. Police discovered methamphetamine and drug paraphernalia in the home and Mother admitted she was addicted to methamphetamine. The Clark County Department of Child Services investigated and obtained an emergency custody order over E.L.I., thereafter placing E.L.I. with Grandparents. On August 5, 2011, Grandparents filed a petition to modify custody. The paternity court awarded sole physical and legal custody of E.L.I. to Grandparents. The paternity court ordered Mother's parenting time be supervised by Grandparents and later granted Father supervised visitation.

[5] Mother was incarcerated between 2012 and 2014 on drug related charges. On June 15, 2015, Mother filed a petition to modify custody alleging that she was "drug free and employed." Appellant's App., Vol. III at 149. In her petition, Mother requested incremental visitation and the paternity court appointed a guardian ad litem.

[6] On March 4, 2016, Grandparents filed a petition to adopt E.L.I. and provided notice to Father and Mother. The petition alleged Father had consented to the adoption and further alleged Mother's consent was not required because she had failed for a period of at least one year to communicate with and provide care and support for E.L.I. During a hearing on April 20, 2016, the parties agreed the adoption court has exclusive jurisdiction and the paternity case was transferred to that court and consolidated with the adoption case.[1] A day later, the guardian ad litem appointed in the paternity case filed her report recommending Grandparents remain permanent custodians of E.L.I. The guardian ad litem also recommended that Grandparents investigate the financial benefits of adoption for E.L.I.

[7] On November 14, 2016, Mother requested the trial court make findings of fact and conclusions of law. After a hearing on November 18, 2016, the trial court

---

[1] Indiana Code section 31-19-2-14(a) provides, "If a petition for adoption and a paternity action are pending at the same time for a child sought to be adopted, the court in which the petition for adoption has been filed has exclusive jurisdiction over the child, and the paternity proceeding must be consolidated with the adoption proceeding."

made eleven findings of fact and denied Grandparents' petition for adoption. The court's findings were:

1.  That the adoption terminates the parental rights of the biological parent(s); without a separate post adoption visitation agreement.

2.  That [Grandparents] have been the de facto custodians of [E.L.I.] through [the paternity case] since approximately August 2011 by agreed order.

3. That [Mother] was incarcerated from December 2012 to September 2014.

4.  That during her incarceration, [Mother] made attempts to contact [E.L.I] and sent letters.

5.  That upon her release, [Mother] had contact with [E.L.I.] routinely by phone and sought additional contact and visitation.

6.  That [Mother] was advised that [E.L.I.] was choosing not to communicate with her mother and did not wish to have visitation.

7.  That [Father] consents to the adoption but continues to have regular contact with [E.L.I.] at the [Grandparents'] residence.

8.  That through [the paternity case] the Court appointed [a] Guardian Ad Litem . . . and her recommendations were that [Mother] begin visitation with [E.L.I.] beginning with therapeutic sessions.

9. That [Mother] has continued in this pursuit to have a parental relationship with [E.L.I.] even if small.

10. The parties have agreed not to pursue or force the issue of visitation out of concerns for [E.L.I.'s] emotional and mental stability.

11. The [Grandparents] believe it is in [E.L.I.'s] best interest that the adoption be granted, they believe that any contact between [E.L.I.] and [Mother] would be a harm to the child, and that [E.L.I.] may benefit from the [Grandparents'] social security benefits in the amount of approximately one thousand eight hundred dollars ($1,800.00) per month.

The Court hereby DENIES the [Grandparents'] Petition for Adoption and identifies a parent's parental rights and pursuit of a relationship over the financial interest or benefit [E.L.I.] or the [Grandparents] may receive.

Appellant's App., Vol. II at 86-87. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

We will not disturb a trial court's ruling in an adoption proceeding unless the evidence leads only to the conclusion opposite that of the trial court. *E.W. v. J.W.,* 20 N.E.3d 889, 894 (Ind. Ct. App. 2014), *trans. denied.* "Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time." *Best v. Best,* 941

N.E.2d 499, 502 (Ind. 2011). We do not reweigh evidence and we consider evidence most favorable to the decision together with reasonable inferences drawn from that evidence. *E.W.,* 20 N.E.3d at 894. Where, as here, an adoption petition is filed without the required parental consent, the party seeking to adopt bears the burden to prove the statutory criteria for dispensing with consent by "clear and convincing evidence." *In re Adoption of M.A.S.*, 815 N.E.2d 216, 220 (Ind. Ct. App. 2004).

[9] We also note that the trial court entered written findings of fact and conclusions of law on Mother's request pursuant to Indiana Trial Rule 52(A). Upon such a motion, the trial court "*shall* find the facts specially and state its conclusions thereon." Ind. Trial Rule 52(A) (emphasis added). We apply a two-tiered standard of review to such cases. *Marion Cty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 216 (Ind. 2012). First, we determine whether the evidence supports the findings of fact and second, we determine whether the findings support the judgment. *In re Adoption of A.S.,* 912 N.E.2d 840, 851 (Ind. Ct. App. 2009). Indiana's appellate courts "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." T.R. 52(A).

## II. Applicable Law

[10] "Generally, a trial court may only grant a petition to adopt a child born out of wedlock who is less than eighteen years of age if both '[t]he mother of [the] child' and 'the father of [the] child whose paternity has been established' consent to the adoption." *In re Adoption of O.R.*, 16 N.E.3d 965, 973 (Ind. 2014)

(quoting Ind. Code § 31-19-9-1(a)(2)). However, Indiana law allows a child to be adopted without a parent's consent in certain, statutorily defined circumstances. *E.W.,* 20 N.E.3d at 894. Indiana Code section 31-19-9-8 provides, in relevant part,

> (a) Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
>
> * * *
>
> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> > (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
> >
> > (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Ind. Code § 31-19-9-8(a).

# III. Findings of Fact

[11] Grandparents allege the trial court failed to make specific findings regarding the only contested issues: whether Mother's consent to the adoption was required and whether adoption was in E.L.I.'s best interest.

# A. Consent to Adoption

[12]   Grandparents argue that the trial court failed to make a finding of fact concerning whether Mother's consent to the adoption was necessary. Specifically, Grandparents contend that although the trial court "devoted Finding Nos. 4-6 and 9 to whether or not [Mother] failed to communicate significantly with E.L.I. . . . there are no findings regarding whether [Mother] failed to provide for the care and support of E.L.I." Brief of Appellants at 29-30 (citation omitted). Indeed, none of the trial court's eleven factual findings address the issue.

[13]   The trial court made a factual finding that E.L.I. had been in the care of Grandparents for longer than the one-year period required by Indiana Code section 31-19-9-8(a)(2). *See* Appellant's App., Vol. II at 86 ¶ 2. Thus, the trial court found the prerequisite to consider whether Mother failed to communicate with E.L.I. or whether Mother failed to provide for E.L.I.'s care and support during that period. Ind. Code § 31-19-9-8(a)(2)(A)-(B).

[14]   The trial court devoted four of its eleven factual findings to the issue of communication. *See* Appellant's App., Vol. II at 86-87 ¶¶ 4-6, 9. The court found that Mother attempted to contact E.L.I while she was incarcerated and, since her release, routinely contacted E.L.I. by phone and has "sought additional contact and visitation." *Id.* at 86 ¶¶ 4-5. Our review of the record reveals sufficient evidence to support those findings. However, the trial court made no finding regarding whether Mother failed to provide for E.L.I.'s care and support. The provisions of Indiana Code section 31-19-9-8(a) are written in

the disjunctive, meaning any one provides independent grounds for dispensing with parental consent. *In re Adoption of T.W.*, 859 N.E.2d 1215, 1218 (Ind. Ct. App. 2006), *trans. denied.* Therefore, whether Mother failed to provide for E.L.I.'s care and support was an issue requiring a finding by the trial court to either grant or deny the petition for adoption. We are "not at liberty to scour the record to find evidence to support the judgment." *Parks v. Delaware Cnty. Dep't of Child Servs.*, 862 N.E.2d 1275, 1280-81 (Ind. Ct. App. 2007). Accordingly, we must remand for the trial court to make the appropriate findings on this issue.

## B. Best Interest of the Child

[15] Grandparents also argue that the trial court failed to make a factual finding regarding the best interest of the child. Grandparents allege that the trial court was required to make findings about the best interest of the child pursuant to Indiana Code section 31-19-11-1:

> (a) Whenever the court has heard the evidence and finds that:
>
> > (1) the adoption requested is in the best interest of the child; [and]
> >
> > * * *
> >
> > (7) proper consent, if consent is necessary, to the adoption has been given;
> >
> > * * *

> the court shall grant the petition for adoption and enter an adoption decree.

This statute lists nine requirements that, if applicable, the trial court must find before granting a petition for adoption. Any one of the requirements is potentially dispositive, meaning if the trial court finds one lacking, it need look no further.

[16] After reviewing the trial court's findings, we are unable to discern the basis for the trial court's dismissal of Grandparents' petition. On one hand, because the court found that Mother had communicated with the child but made no specific finding regarding the best interest of the child, it appears that the court found Mother's consent was necessary and thus did not consider the best interest of the child. On the other hand, the trial court concluded that it "identifies a parent's parental rights and pursuit of a relationship over the financial interest or benefit the child or the [Grandparents] may receive." Appellant's App., Vol. II at 87. This reads as though the trial court concluded Mother's consent was *not* required and considered the best interest of the child. In that event, the trial court failed to make a factual finding regarding the best interest of the child as required by Indiana Code section 31-19-11-1(a)(1).

[17] Regardless of which path the trial court chose, due to the court's failure to make complete findings regarding whether Mother's consent to the adoption was required and whether adoption was in the best interest of the child, we are unable to discern whether the trial court dismissed Grandparents' petition on proper statutory considerations. *Cf. In re Involuntary Termination of Parent-Child*

*Relationship of N.G.*, 61 N.E.3d 1263, 1266 (Ind. Ct. App. 2016) (remanding for proper findings that supported the trial court's judgment terminating parental rights).

[18] Grandparents urge us to reverse with instructions that their adoption petition be granted. We decline to do so as we are not convinced the evidence leads only to that conclusion. *See E.W.,* 20 N.E.3d at 894. We choose instead to remand for findings that address the proper statutory considerations. On remand, the court need not conduct another hearing but it must, however, reconsider its findings based on evidence already in the record in light of this opinion. If the court finds Mother's consent *is* required, then it need not make findings regarding the best interest of the child. Alternatively, if the court finds Mother's consent is *not* required, then the court must make factual findings regarding the best interest of the child.

# Conclusion

[19] For the reasons discussed above, we remand with instructions for the trial court to enter proper findings of fact and conclusions of law regarding Grandparents' petition for adoption.

[20] Remanded.

Riley, J., and Pyle, J., concur.