# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2019, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Termination of the Parent-Child Relationship of K.T. (Minor Child); <br><br> M.T. (Mother), <br><br> *Appellant-Respondent,* <br><br> v. <br><br> The Indiana Department of Child Services, <br><br> *Appellee-Petitioner.* | April 30, 2019 <br><br> Court of Appeals Case No. 18A-JT-2228 <br><br> Appeal from the Floyd Circuit Court <br><br> The Honorable J. Terrence Cody, Judge <br><br> Trial Court Cause No. 22C01-1712-JT-918 |

**Pyle, Judge.**

# Statement of the Case

[1] M.T. ("Mother") appeals the termination of the parent-child relationship with her daughter, K.T. ("K.T"). Mother specifically argues that the trial court's findings of fact are insufficient to satisfy the statutory mandate found in INDIANA CODE § 31-35-2-8(c). Concluding that the trial court's findings of fact are deficient, we remand to the trial court for proper findings that support the judgment terminating Mother's parental rights.

[2] We remand.

# Issue

Whether the trial court's findings of fact are insufficient to satisfy the statutory mandate found in INDIANA CODE § 31-35-2-8(c).

# Facts

[3] K.T. was born in December 2006. In September 2015, Mother and DCS entered into an informal adjustment because of Mother's drug use and her "educational neglect" of K.T. (Ex. Vol. at 8). Mother continued to test positive for methamphetamine, and, in March 2016, DCS filed a petition alleging that K.T. was a Child in Need of Services ("CHINS"). The trial court adjudicated K.T. to be a CHINS in June 2016. K.T. continued to live with Mother during the proceedings. However, Mother continued to use methamphetamine, and DSC filed for an emergency custody order in late June 2016. The trial court authorized DCS to remove K.T. from Mother's home, and K.T. was placed in the home of a family friend.

[4]     In July 2016, the trial court held a dispositional hearing and ordered Mother to: (1) complete certain services; (2) keep all appointments; (3) obtain stable housing; (4) abstain from the use of illegal substances; (5) complete a substance abuse assessment and follow all recommendations; (6) submit to random drug screens; and (7) attend all scheduled visits with K.T.  One year later, in September 2017, DCS filed a petition to terminate Mother' parental rights.  The trial court held an evidentiary hearing in July 2018 and issued a one-page termination order in August 2018.  The findings and conclusions in that order are as follows:

> It was established by clear and convincing evidence that the allegations of the petition are true in that:
>
>> The child had been removed from her parent(s) for at least six (6) months under a disposition of decree of the Floyd Court, dates . . . in cause number . . . .
>>
>> There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for the placement outside the parent's home will not be remedied in that:  Mother has not been compliant with the services to address the reasons for removal and has continued to use drugs.  The alleged father's whereabouts are unknow and he has not participated in any visitation or services.
>>
>> Termination is in the child's best interests of the child in that:  Mother has not participated in services to enhance her ability to fulfill her parental obligations has displayed unpredictable behavior.  The alleged father has not had any contact with DCS or the child throughout the life of the CHINS case.
>>
>> The Department of Child Services has a satisfactory plan for the care and treatment of the child, which is:  adoption.

(App. Vol. 2 at 65-66). Mother now appeals the termination.

# Decision

Mother argues that the trial court's findings of fact are insufficient to satisfy the statutory mandate found in INDIANA CODE § 31-35-2-8(c). We agree.

In recognition of the seriousness with which we regard parental termination cases, Indiana has adopted a clear and convincing evidence standard of proof and a clearly erroneous standard of review. *In re Involuntary Termination of Parent-Child Relationship of N.G.*, 61 N.E.3d 1263, 1264-65 (Ind. Ct. App. 2016). Our review for clear error requires us to determine first whether the evidence supports the trial court's findings and then whether the findings support the judgment. *Id.* at 1265. This means that the trial court's findings of fact, which are required by INDIANA CODE § 31-35-2-8(c),[1] and its conclusions thereon are crucial to our review. *Id.* Accordingly, where the findings and conclusions are sparse or improperly stated and do not adequately address each of the requirements of the termination statute,[2] we cannot conduct an adequate

---

[1] INDIANA CODE § 31-35-2-8 provides that the "court *shall* enter findings of fact that support the entry of the conclusions" terminating a parent-child relationship. (Emphasis added).

[2] Before an involuntary termination of parental rights may occur, DCS is required to allege and prove, among other things:

> (B) that one (1) of the following is true:

>> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

>> (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

review. *Id.* In addition, we are "not at liberty to scour the record to find evidence to support the judgment[.]" *Id.*

[7] Here, the trial court's findings and conclusions comprise less than one page. (App. Vol. 2 at 65-66). With respect to the requirements for termination set forth in IND. CODE § 31-35-2-4(b)(2), the trial court concluded that there was a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the parent's home would not be remedied because Mother had not been compliant with the services to address the reasons for the removal and had continued to use drugs. However, the trial court has failed to set forth facts detailing Mother's failure to comply with the court-ordered services and her continued use of drugs. The trial court also concluded that termination was in K.T.'s best interests because "Mother had not participated in services and had displayed unpredictable behavior." (App. Vol. 2 at 55). However, the trial court has not set forth facts detailing Mother's failure to participate in services or her display of unpredictable behavior.

[8] These findings are "so sparse that we cannot discern whether [the trial court] based its termination order on proper statutory considerations." *N.G.*, 61

---

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

IND. CODE § 31-35-2-4(b)(2).

N.E.3d at 1266.  Because we are not at liberty to scour the record to find evidence to support the judgment, we remand with instructions for the trial court to enter proper findings of fact and conclusions thereon to support the termination of Mother's parental rights.

[9]     Remanded.


Najam, J., and Altice, J., concur.