FILED
Oct 02 2017, 6:10 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Andrew W. Foster
Wagoner, Ayer, Hargis & Rudisill, LLC
Rockport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James D. Boyer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Termination of the Parent-Child Relationship of N.C. (Minor Child), <br> and <br> C.G.G. (Father), <br> *Appellant-Respondent,* <br><br> v. <br><br> The Indiana Department of Child Services, <br> *Appellee-Petitioner.* | October 2, 2017 <br><br> Court of Appeals Case No. 74A05-1705-JT-1105 <br><br> Appeal from the Spencer Circuit Court <br><br> The Honorable William E. Weikert, Senior Judge <br><br> Trial Court Cause No. 74C01-1608-JT-224 |

**Bailey, Judge.**

# Case Summary

[1] C.G.G. ("Father") appeals the denial of his motion to dismiss a petition by the Indiana Department of Child Services, Spencer County Division ("the DCS"), to terminate Father's parental rights to N.C. ("Child"). Father presents the sole issue of whether he was entitled to dismissal of the termination petition because the fact-finding hearing was not timely conducted pursuant to Indiana Code Section 31-35-2-6. We affirm.

# Facts and Procedural History

[2] On March 21, 2015, Father and F.C. ("Mother") were arrested on methamphetamine possession charges and Child was removed from their care. On June 2, 2015, Child was adjudicated a Child in Need of Services ("CHINS"). The parents were ordered to participate in reunification services; however, Father remained incarcerated in Kentucky awaiting a trial on federal drug charges and was unable to participate in services.

[3] On August 11, 2016, the DCS filed a petition to terminate Father's and Mother's parental rights.[1] A fact-finding hearing was conducted on March 21, 2017. On April 18, 2017, the trial court entered its findings of fact, conclusions thereon, and order terminating Father's parental rights. He now appeals.

---

[1] Mother voluntarily relinquished her parental rights and is not an active party to this appeal.

# Discussion and Decision

[4] Father does not challenge the factual findings of the trial court or its conclusions thereon. Father solely challenges the denial of his motion to dismiss the termination petition for untimeliness of the fact-finding hearing.

[5] Indiana Code Section 31-35-2-6 sets forth the timeline for conducting fact-finding hearings in parental rights termination proceedings, when a party requests a hearing:[2]

> (a) Except when a hearing is required after June 30, 1999, under section 4.5 of this chapter, the person filing the petition shall request the court to set the petition for a hearing. Whenever a hearing is requested under this chapter, the court shall:
>
> (1) commence a hearing on the petition not more than ninety (90) days after a petition filed under this chapter; and
>
> (2) complete a hearing on the petition not more than one hundred eighty (180) days after a petition is filed under this chapter.
>
> (b) If a hearing is not held within the time set forth in subsection (a), upon filing a motion with the court by a party, the court

---

[2] A panel of this Court has concluded that the statutory ninety-day requirement for commencement of a fact-finding hearing is triggered by a specific request for a fact-finding hearing made by a party. *In re L.V.N.*, 799 N.E.2d 63, 67 (Ind. Ct. App. 2003). We observe, however, that subsection (a)(1) contemplates a hearing "not more than ninety days after a petition [is] filed[.]" I.C. § 31-35-2-6(a)(1).

> shall dismiss the petition to terminate the parent-child relationship without prejudice.

[6] Here, the fact-finding hearing was not commenced within 90 days of the hearing request or completed within 180 days after the filing of the petition. It was conducted 222 days after the filing of the petition to terminate parental rights, and Father asserts that he is entitled to dismissal of the petition on this basis.

[7] The interpretation of a statute presents a question of law, which this Court reviews de novo. *In re Adoption of M.L.*, 973 N.E.2d 1216, 1223 (Ind. Ct. App. 2012). In construing a statute, our "primary goal is to determine and effectuate the legislative intent." *Id.* at 1223. We give words and phrases their plain and ordinary meaning. *Id.*

[8] Subsection (b) of Indiana Code Section 31-35-2-6 addresses non-compliance with the statutory deadlines, providing in relevant part: "upon filing a motion with the court by a party, the court shall dismiss the petition." The plain language contemplates the filing of a motion with the court. Father filed no written motion; rather, he orally moved for dismissal at the outset of the fact-finding hearing.

[9] Moreover, Father had acquiesced to the fact-finding hearing date. At a hearing conducted on December 9, 2016, Mother requested a continuance and a discussion ensued as to available court dates. The court reporter suggested March 21, 2017, and Father's counsel responded: "That sounds good." (Tr.

Vol. II, pg. 14.) Father's counsel then inquired about the specific length of the fact-finding hearing, whether all day or one-half day. In general, "waiver" connotes an "intentional relinquishment or abandonment of a known right." *Plank v. Cmty. Hospitals of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013). We agree with the DCS that Father waived his right to challenge the setting of that fact-finding hearing date, although it fell outside the statutory 180 days. As such, Father can be afforded no relief in this appeal.

[10] Notwithstanding waiver on Father's part, the DCS asks that we determine whether the word "shall," preceding "dismiss" in subsection (b) of Indiana Code Section 31-35-2-6, is "directory" or "mandatory." Appellee's Brief at 14. Arguing that "shall" must be considered "directory" in the termination context to avoid "absurd results," the DCS contends that CHINS statutes utilizing "shall" are analogous. The DCS relies upon *Parmeter v. Cass Cty. Dep't of Child Servs.*, 878 N.E.2d 444 (Ind. Ct. App. 2007).

[11] In *Parmeter*, a mother argued that the trial court was without jurisdiction over the CHINS cases involving her children because of non-compliance with Indiana Code Section 31-34-11-1, directing that the juvenile court "shall" complete a factfinding hearing within sixty days of the filing of a CHINS petition, and Indiana Code Section 31-34-19-1, directing that the juvenile court "shall" complete a disposition hearing within 30 days after the finding that a child is a CHINS. 878 N.E.2d at 447. The *Parmeter* Court observed that neither deadline was met and found it necessary to determine whether "shall" in the foregoing statutes was "directory" or "mandatory." *Id.*

[12] The Court acknowledged that, generally, the term "shall" appearing in a statute connotes a mandatory, as opposed to a discretionary, import. *Id.* at 448. However, "shall" can be construed as directory when necessary "to prevent the defeat of the legislative intent." *Id.* The Court looked to the purpose of the CHINS statutes, that is, assisting parents to fulfill their obligations, and concluded that routine dismissals would thwart that purpose. *Id.* Ultimately, the *Parmeter* Court found the use of "shall" to be directory, and held that the CHINS court did not lose jurisdiction. *Id.* In reaching its conclusion, the Court observed: "If we were to hold otherwise, CHINS cases would have to be dismissed where a continuance beyond the statutory time frame was necessary and legitimate, an absurd and unjust result." *Id.*

[13] We decline the DCS's invitation to extend the statutory construction holding of *Parmeter* to this termination case for several reasons. First, Father presented no reviewable issue. *See Plank*, 981 N.E.2d at 53 ("Declining to review an issue not properly preserved for review is essentially a cardinal principal of sound judicial administration."). Thus, disposition of this case does not rest upon whether the word "shall" in Indiana Code Section 31-35-2-6 is mandatory or directory. Second, *Parmeter* involved a separate, although interlocking, statutory scheme.[3] The objective of CHINS statutes is assisting in the fulfillment of parental obligations, *see Parmeter*, 878 N.E.2d at 448, while

---

[3] *See In re L.V.N.*, 799 N.E.2d at 67 (recognizing that our legislature has enacted an interlocking statutory scheme governing CHINS proceedings and the involuntary termination of parental rights proceedings).

termination statutes provide a framework for ending those parental obligations. Finally, and critically, the statutes examined in *Parmeter* did not include a specific enforcement mechanism for non-compliance, as does subsection (b) of Indiana Code Section 31-35-2-6.

[14] The DCS acknowledges the enactment of subsection (b), but points out that dismissal is to be "without prejudice," and thus many dismissed cases are likely to be re-filed. The DCS asserts that this would "be simply a waste of resources, time, and effort – resulting in absurdity, hardship, or injustice and public inconvenience." Appellee's Brief at 16. It is not within the province of this Court to construe a statute simply to avoid repetition of filings. We defer to our Legislature, the entity best suited to balancing competing interests and allocating limited judicial resources while giving due regard to parental rights, which are of constitutional dimension. *Bester v. Lake Cty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). Like Father, the DCS cannot be afforded the relief it seeks in this appeal.

# Conclusion

[15] Having acquiesced to the setting of a fact-finding hearing date outside the statutory parameters, Father has preserved no issue for appellate review regarding the application of Indiana Code Section 31-35-2-6. We decline the invitation of the DCS to construe the word "shall" appearing therein as "directory," as opposed to "mandatory," language.

Affirmed.

Baker, J., and Altice, J., concur.