# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 13 2019, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Danielle L. Gregory
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
INDIANA DEPARTMENT OF
CHILD SERVICES

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
CHILD ADVOCATES, INC.

DeDe K. Connor
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Termination of the Parent-Child Relationship of S.B., B.L., Elv.L, Eli.L., and A.L. (Minor Children) and

C.L. (Mother),

*Appellant-Respondent,*

v.

August 13, 2019

Court of Appeals Case No. 19A-JT-224

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Larry Bradley, Magistrate

| Indiana Department of Child Services, | Trial Court Cause Nos. |
|---|---|
| *Appellee-Petitioner,* | 49D09-1805-JT-577 |
| | 49D09-1805-JT-578 |
| And | 49D09-1805-JT-579 |
| | 49D09-1805-JT-580 |
| Child Advocates, Inc., | 49D09-1805-JT-581 |
| *Appellee-Guardian ad Litem.* | |

**Mathias, Judge.**

[1] The Marion Superior Court terminated the parent-child relationship of C.L. ("Mother") and her five children, S.B., B.L., Elv.L., Eli.L., and A.L. on December 14, 2018. Mother argues she was entitled to dismissal of the termination petition because the factfinding hearing was outside the statutory parameters of Indiana Code section 31-35-2-6. We affirm.

## Facts and Procedural History

[2] On May 27, 2016, all five children were adjudicated Children in Need of Services ("CHINS") and placed in foster homes. Mother was ordered to successfully complete services including home-based therapy and a domestic violence assessment. Mother improved, and the children progressed in therapy throughout 2017. On August 2, 2017, the children were placed with Mother in temporary in-home trial visitation ("TTV"). The children were again removed from Mother's care in September 2017 because of a variety of concerns

including the lack of utilities in the home, inappropriate discipline, domestic violence and Mother's non-compliance with drug screens. The children's providers noted that the children regressed during TTV and many of their problematic behaviors reappeared. Tr. pp. 37–38, 171, 176. After the children were removed, Mother was noncompliant and did not participate in case management to address her issues of housing, employment, parenting skills, healthy relationships, and the children's trauma. The Marion County Department of Children Services ("MCDCS"), Guardian ad Litem, and other providers did not recommend resuming Mother's visitation with the children, and the placement plan changed from reuniting the family to adoption. Ex. Vol., Petitioner's Ex. 30.

[3] On May 13, 2018, MCDCS filed petitions for the involuntary termination of the parent-child relationship for each child. Appellant's App. Vol II, pp. 50–53, Appellant's App. Vol. III, pp. 2–13. Mother requested a mediation date and a factfinding hearing date at a pre-trial hearing on August 3, 2018, eighty days after MCDCS filed the termination petitions. Appellant's App. Vol. II, p. 84. The court scheduled mediation for October 1, 2018, and set the factfinding hearing for December 4 and 11, 2018. *Id*. at 83-84. There is no indication that Mother objected to the hearing dates set.

[4] Mediation was rescheduled for November 7, 2018, 176 days after MCDCS filed the termination petitions. *Id*. at 92. No agreement was reached in mediation, and the factfinding hearing began December 4, 2018, 210 days after the termination petitions were filed. *Id*. at 97.

[5] At the beginning of the December 4 hearing, Mother orally requested dismissal of the termination matter, arguing the hearing was beyond the statutory limit of 180 days after the petitions were filed. Tr. p. 4. The trial court denied the motion.

[6] The trial court issued findings of fact and terminated the parent-child relationship as to all five children. Mother does not challenge the findings and conclusions of the trial court. Mother solely appeals the trial court's denial of her motion to dismiss.

## Discussion and Decision

[7] Indiana Code section 31-35-2-6 specifies the timeline for conducting factfinding hearings in parental rights termination proceedings. The statute provides:

> (a) Except when a hearing is required after June 30, 1999, under section 4.5 of this chapter, the person filing the petition shall request the court to set the petition for a hearing. Whenever a hearing is requested under this chapter, the court shall:
>
> > (1) commence a hearing on the petition not more than ninety (90) days after a petition is filed under this chapter; and
> >
> > (2) complete a hearing on the petition not more than one hundred eighty (180) days after a petition is filed under this chapter.
>
> (b) If a hearing is not held within the time set forth in subsection (a), upon filing a motion with the court by a party, the court shall

>dismiss the petition to terminate the parent-child relationship without prejudice.

I.C. § 31-35-2-6. Here, the factfinding hearing commenced 210 days after the termination petitions were filed and concluded 217 days after the petitions were filed. Mother asserts she is entitled to dismissal of the petitions due to the untimeliness of the hearings and that the failure to dismiss denied her right to due process. Appellant's Br. p. 14.

The interpretation of a statute is a question of law, which is reviewed de novo. *Matter of N.C*, 83 N.E.3d 1265, 1267 (Ind. Ct. App. 2017) (citing *In re Adoption of M.L.*, 973 N.E.2d 1216, 1223 (Ind. Ct. App. 2012)).

The State argues that Mother acquiesced to the hearing date and thus waived her right to challenge the setting of the factfinding hearing date, even though it fell outside the statutory 180 days. Appellee's Br. at 15. There is no record of Mother objecting to the timeliness of the dates set at the August 3, 2018 pre-trial hearing.

This matter is directly addressed in *Matter of N.C.*, where the court determined the parents waived the right to dismissal for untimeliness by requesting a continuance of a scheduled hearing date, and then agreeing the date "sound[ed] good." 83 N.E.3d at 1267.[1] In the present case, Mother also agreed to the

---

[1] Mother attempts to distinguish the present case from *Matter of N.C.*, stating that she requested the hearing date, not MCDCS; her counsel was unaware of the close deadline or that the matter was being scheduled outside of the deadlines; and her counsel did not request a continuance of the proceedings. However, Mother

mediation and hearing dates set on August 3, 2018. Her assent to the factfinding hearing dates constitutes a waiver of her right to object to the timeliness of the hearing.

[11] The State also argues that Mother failed to meet the requirements of Indiana Code section 31-35-2-6(b) because she orally moved for dismissal at the outset of the factfinding hearing and failed to file a motion for dismissal. The court in *Matter of N.C.* determined the plain language of the statute contemplates the filing of a motion and that orally moving for dismissal does not satisfy the requirements of subsection (b). 83 N.E.3d at 1267.[2] Mother's failure to submit a written motion for dismissal waives her right to challenge the court's denial.

[12] Mother's failure to object to the mediation and factfinding hearing dates set at the pre-trial hearing on August 3, 2018 constitutes a waiver of the right to challenge the factfinding hearing date, even though it fell outside the statutory 180 days. Mother further failed to preserve an issue for appellate review through her failure to submit a written motion to dismiss. Mother can be afforded no relief on this appeal.

---

fails to develop these arguments any further. "Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on appeal relied on, in accordance with Rule 22." Ind. Appellate Rule 46(A)(8)(a). Accordingly, we consider them waived for failure to state a cogent argument. *See In re Adoption of M.S.*, 10 N.E.3d 1272, 1282 (Ind. Ct. App. 2014) (citing Ind. Appellate Rue 46(A)(8)(a)).

[2] Mother argues that her due process rights were violated by the untimeliness of the factfinding hearing. However, her assent to the factfinding hearing dates and failure to submit a written motion to the trial court waive her due process arguments. Mother further failed to show how she was prejudiced by this delay in any way.

# Conclusion

[13]    Mother agreed to the setting of the factfinding hearing date outside the statutory parameters and failed to submit a written motion to dismiss the termination proceedings. She thus preserved no issue for appellate review under Indiana Code section 31-35-2-6.

[14]    Affirmed.


May, J., and Brown, J., concur.